**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gil LEON–PAZ, Defendant—Appellant.**

No. 04–10312.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2005.

Decided May 3, 2005.

Raquel Arellano, Esq., Office of the U.S. Attorney Evo A. Deconcini, Tucson, AZ, for Plaintiff–Appellee.

Saul M. Huerta, Jr., Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: LAY,* B. FLETCHER, and HAWKINS, Circuit Judges.

**MEMORANDUM ***

Gil Leon–Paz ("Leon–Paz"), a Mexican citizen convicted, pursuant to his conditional guilty plea, of reentry of a removed alien, collaterally attacks the removal order upon which his prosecution was based. He argues that the immigration judge's erroneous statement in the removal hearing that no relief was available (earlier determined by this court to be a due pro-

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cess violation) prejudiced him, as he could have applied for an INA § 212(c) waiver, and had at least a plausible case for such relief. The district court, on remand, found no prejudice.

In light of the evidence of Leon–Paz's expert regarding former clients who, in the relevant time period, were granted such relief, three of whom had fewer relatives within the United States and had committed more egregious crimes than Leon–Paz, we conclude that Leon–Paz had a plausible case for relief, even under the heightened "unusual or outstanding equities" standard applicable to individuals with serious criminal histories. He has, accordingly, established prejudice. We therefore reverse and direct the district court to vacate Leon–Paz's conviction and sentence and dismiss the indictment.

REVERSED.